**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3279

ALAN FRASER,
                                    Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY
(Pursuant to F.R.A.P. 43(c))

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 06-cv-04886)
District Judge:  Honorable Louis H. Pollak

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2010

Before: McKEE, BARRY and GREENBERG, Circuit Judges

(Opinion Filed: April 12, 2010)

OPINION

BARRY, Circuit Judge

        Alan Fraser appeals from the District Court's order affirming the denial by the

Administrative Law Judge ("ALJ") of his application for Social Security Disability

benefits.  We will affirm.

## I.  **Background**.

We assume the parties' familiarity with the factual and procedural history, which we describe only briefly.  Fraser is a sixty-one-year-old man with a high school education and experience working as silver wrapper, painter and painting supervisor.  He filed for disability insurance benefits in February 2002, claiming disability since August 30, 2001 due to irritable bowel syndrome, carpal tunnel syndrome, a cardiac problem, rheumatoid arthritis in his knees and ankles, a dislocated toe, lumbar radiculopathy, affective disorder, and anxiety-related disorder.  The ALJ denied his initial claim on January 30, 2003.  While that decision was on appeal, Fraser filed a second application, which another ALJ granted on October 31, 2003.  On February 9, 2005, the Appeals Council reopened the favorable decision, consolidated the applications, and remanded the case to the original ALJ.  On May 18, 2005, the ALJ issued a decision in which he found that, as of January 1, 2003, Fraser's affective disorder, anxiety-related disorder, and personality disorder combined to equal the requirements of Listing 12.08, relating to personality disorder.  The ALJ also found that prior to that date, Fraser was not disabled because his conditions did not meet or equal the requirements of an impairment listed in the regulations, and because he had the residual functional capacity to perform a significant range of light work.

The Appeals Council denied Fraser's request for review of the ALJ's decision.

Fraser then filed this action in the United States District Court for the Eastern District of Pennsylvania, arguing that the ALJ was biased against him, and that the ALJ's decision was not supported by substantial evidence. The District Court disagreed, and affirmed the decision denying benefits. Fraser timely appealed.

## II. Discussion.

Our review is limited to determining whether there was substantial evidence to support the Commissioner's decision to deny benefits. 42 U.S.C. § 405(g). "Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (internal quotation marks and citations omitted). The Commissioner's findings of fact are binding if they are supported by substantial evidence. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). The District Court had jurisdiction under 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Fraser is disabled for purposes of the Social Security Act ("SSA") only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). In making this determination, ALJs must perform a five-step, sequential analysis. 20 C.F.R. § 404.1520. The ALJ must

review: (1) the claimant's current work activity; (2) the medical severity and duration of the claimant's impairments; (3) whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to return to past relevant work; and (5) if the claimant cannot return to past relevant work, whether he or she can "make an adjustment to other work" in the national economy. 20 C.F.R. 404.1520(a)(4)(i)-(v). The claimant bears the burden of proof on steps one through four. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007) (citation omitted). The Commissioner bears the burden of proving at step five that the claimant is capable of performing a job that exists in significant numbers in the national economy. *Id*.

The ALJ's May 18, 2005 decision followed this procedure in determining that Fraser met the definition of disability as of January 1, 2003. The ALJ considered the evidence with great care and determined that Fraser's mental impairments became severe enough to meet Listing 12.08 as of January 1, 2003 (and not before). Apart from Fraser's mental impairments, the ALJ also considered the evidence of his physical problems and determined that prior to January 1, 2003, he was not disabled. Although Fraser had bilateral carpal tunnel syndrome and osteoarthritis before January 1, 2003, these conditions were not severe enough to meet or medically equal the requirements of any impairment listed in the regulations. The ALJ also found that, to the extent there was any evidence that Fraser was afflicted with the other conditions of which he complained, there

– 4 –

was a lack of evidence that those conditions caused him any serious functional problems.

The ALJ concluded that although Fraser's conditions prior to January 1, 2003 prevented him from returning to his past relevant work, he retained the residual functional capacity to perform a variety of jobs that existed in significant numbers in the national economy. Accordingly, the ALJ denied Fraser's claim that he was disabled within the meaning of the SSA prior to January 1, 2003.

Fraser now seeks benefits for the sixteen-month period from August 30, 2001, when he claims his disabilities began, to January 1, 2003, the date of disability onset as determined by the ALJ. He argues, first, that the ALJ was biased against him and denied him due benefits because of this bias. As the District Court pointed out, this argument is undercut by the fact that the ALJ did grant benefits (for the period beginning January 1, 2003). Fraser cites the ALJ's questions about Fraser's criminal background— "transmitting child pornography" (App. at 559)—as establishing the ALJ's bias. It appears, however, that it was Fraser and his lawyer who raised Fraser's criminal background in the first place. Moreover, although some of the ALJ's language can be interpreted as suggesting that the ALJ disapproved of Fraser's crime, the ALJ's decision is supported by the evidence. Indeed, we note, the date chosen by the ALJ as the onset point of Fraser's disability—January 1, 2003—is arguably rather generous.

Fraser also cites, as evidence of bias, the ALJ's demeanor during the hearing, claiming that the ALJ "snapped" at Fraser's lawyer because of the lawyer's "attitude"

during an off-the-record discussion. Even assuming, however, that the ALJ was rather brusque, there is no indication that there was any conflict of interest or inability to render a fair judgment. *See Liteky v. United States*, 510 U.S. 540, 551 (1994).

Fraser next argues that the ALJ improperly relied on the opinion of medical expert Dr. Richard Saul who, Fraser claims, was improperly motivated by a desire to please the ALJ. To be sure, Dr. Saul opined about the disability onset date only *after* the ALJ had settled on January 1, 2003, essentially ratifying the ALJ's appointed date. That opinion, however, was well supported by the evidence, including the fact that Fraser failed to satisfy his burden of proving that his impairments met or equaled all the requirements of a listed impairment before January 1, 2003.

Fraser next attacks the outcome itself, arguing that the ALJ's decision was not based on substantial evidence, and citing certain statements made by the ALJ during the hearing, particularly the statement that the ALJ chose January 1, 2003 because "at that time, [Fraser] became 55 for Social Security purposes." (A. at 562.) There was ample evidence in the record that Fraser was not disabled before January 1, 2003, evidence that included the opinions of Dr. Saul and Dr. John Gavazzy. As for the statement, it is true that it seems to run afoul of the regulations' mandate that the ALJ not "consider [Fraser's] vocational factors of age, education, and work experience" in determining whether his conditions equaled one of the conditions listed in the SSA, *see* 20 C.F.R. § 404.1526(c). It is clear, however, that the reference to the coincidence of the dates does not undermine

the substantial evidence on which the ALJ's opinion rests.

Fraser contends, as well, that the ALJ improperly disregarded the opinion of his treating psychologist, Dr. William McClain. Dr. McClain's opinion was contradicted by other evidence, including Fraser's own responses to a questionnaire about his day-to-day capabilities prior to January 1, 2003.[1] Moreover, the ALJ noted that Dr. McClain submitted conflicting assessments of the functional effect of Fraser's mental impairments,[2] and did not submit any supporting treatment materials. Because he gave a valid reason for his decision, the ALJ was free to credit Dr. Saul's opinion over Dr. McClain's where the two conflicted. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009).

## III. Conclusion.

We will affirm the order of the District Court.

---

[1] As the District Court noted, as of March 2002, Fraser himself admitted that he lived alone and did not depend on anyone else for care, drove a car, used public transportation alone, paid his own bills, and went grocery shopping. He got along "OK" with people in authority and responded well to their criticism. He had no trouble understanding instructions and carrying them out, and was able to start and complete projects.

[2] For example, Dr. McClain found, in July 2002, that Fraser's mental impairments did not meet listing level severity.